UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

KAREN RAY,

        Plaintiff,

vs.

THE GUARDIAN LIFE INSURANCE
COMPANY OF AMERICA,

        Defendant.        /

## COMPLAINT

The Plaintiff, Karen Ray ("RAY"), by and through the undersigned counsel, hereby sues The Guardian Life Insurance Company of America ("GUARDIAN") and alleges:

## PRELIMINARY ALLEGATIONS

1.  "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under and employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and post-judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. RAY was at all times relevant a plan participant under the Trustees of the Business and Management Services Industry Insurance Trust Fund Group Long Term Disability Plan, Policy No.: LTD G-00431226-IC ("LTD" Plan), of which her employer GTX, Inc. was a participating employer enuder.

3. Defendant, GUARDIAN, is a corporation with its principal place of business in the State of Pennsylvania, authorized to transact and transacting business in the Southern District of Florida. GUARDIAN is the insurer of benefits under the LTD Plan and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, GUARDIAN administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The GUARDIAN LTD Plan is an employee welfare benefit plan regulated by ERISA, established by Trustees of the Business and Management Services Industry Insurance Trust Fund, under which RAY was a participant, and pursuant to which RAY is entitled to Long Term Disability benefits ("LTD benefits"). Pursuant to the terms and conditions of the LTD Plan, RAY is entitled to LTD benefits for the duration of the Plaintiff's disability, for so long as RAY remains disabled as required under the terms and conditions of the LTD Plan.

5. Venue is proper in this district under 29 U.S.C. § 1132(e)(2), in that defendant, GUARDIAN, is authorized to and is doing business within the Southern District of Florida.

### CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POST-JUDGMENT INTEREST AND ATTORNEY'S FEES AND COSTS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

6. RAY incorporates by reference all preceding paragraphs as though fully

set forth herein.

7. At all times relevant, RAY was an employee or former employee of GTX, Inc. and a plan participant under the terms and conditions of the LTD Plan.

8. During the course of RAY's employment, RAY became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while RAY was covered under the LTD Plan, RAY suffered a disability, as a result of Sickness, the nature of which due to privacy is detailed within the administrative record, rendering her disabled as defined under the terms of the LTD Plan.

9. As it relates to RAY's current claim for benefits, Disability is defined to mean, a covered person has physical, mental or emotional limits caused by a current sickness or injury. And, due to these limits, he or she is not able to perform the major duties of his or her own occupation or gainful work as shown below: . . . (2) After the end of the own occupation period, he or she is not able to perform, on a full-time basis, the major duties of any gainful work. . . .

10. Pursuant to the terms of the LTD Plan, RAY made a claim to GUARDIAN for LTD benefits under the LTD Plan with an effective date of disability of April 16, 2013.

11. GUARDIAN initially denied RAY's claim for benefits under the Own Occupation definition of disability after determining her conditions did not prevent her from performing the major duties of her occupation as a paralegal.

12. RAY properly appealed this denial and on September 26, 2014, GUARDIAN advised RAY it was approving her claim for benefits on account of a condition subject to a 24 month limitation under the policy.

13. On April 22, 2015, GUARDIAN notified RAY that her claim for benefits

would end on July 27, 2015, due to the 24 months of benefits for her condition being over.

14. On July 22, 2015, RAY filed an administrative appeal of the denial of her claim for benefits and provided proof of her continued disability for a medical condition not subject to the 24 month limited pay period.

15. As part of the appeal review GUARDIAN had RAY attend an Independent Medical Examination on February 25, 2016. The IME doctor provided GUARDIAN with a requested Physical Capabilities Evaluation that noted physical ability for work duties.

16. RAY's treating physician wrote a lengthy response to the IME report disagreeing with the IME doctor and stating that RAY was disabled and unable to maintain gainful employment on account of her medical conditions.

17. The IME doctor wrote an Addendum to his initial report in response to RAY's doctor's opinion. The IME doctor stated that he agreed with RAY's doctor that RAY is disabled and would not be able to be gainfully employed in any sustainable fashion.

18. Despite clear indication from its IME doctor that RAY would not be able to be gainfully employed, GUARDIAN upheld the denial of RAY's benefit and argued that its IME doctor did not change the Physical Capabilities Evaluation and therefore RAY could work.

19. GUARDIAN's blatant disregard of its own IME doctor's opinion is direct evidence of an arbitrary and capricious denial of RAY's claim for benefits as set forth in its May 11, 2016, denial letter.

20. RAY has exhausted her administrative remedies.

    a. GUARDIAN breached the LTD Plan and violated ERISA in the following respects:

    b. Failing to pay LTD benefits to RAY at a time when GUARDIAN and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as RAY was disabled and unable to work and therefore entitled to benefits.

    c. After RAY's claim was denied in whole or in part, GUARDIAN failed to adequately describe to RAY any additional material or information necessary for RAY to perfect her claim along with an explanation of why such material is or was necessary.

    d. GUARDIAN failed to properly and adequately investigate the merits of RAY's disability claim and failed to provide a full and fair review of RAY's claim.

21. RAY believes and alleges that GUARDIAN wrongfully denied her claim for LTD benefits under the LTD Plan, by other acts or omissions of which RAY is presently unaware, but which may be discovered in this future litigation and which RAY will immediately make GUARDIAN aware of once said acts or omissions are discovered by RAY.

22. As a proximate result of the aforementioned wrongful conduct of GUARDIAN under the LTD Plan, RAY has damages for loss of disability benefits in a total sum to be shown at the time of trial.

23. As a further direct and proximate result of this improper determination regarding RAY's claim for benefits, RAY, in pursuing this action, has been required to incur attorney's fees and costs. Pursuant to 29 U.S.C. § 1132(g)(1), RAY is entitled to

have such fees and costs paid by GUARDIAN.

24. The wrongful conduct of GUARDIAN has created uncertainty where none should exist. Therefore, RAY is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the LTD Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, Karen Ray prays for relief against Guardian Standard Life Insurance Company as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all attorney's fees and costs incurred in pursuing this action;

5. Payment of all prejudgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: October 7, 2016

                                                ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
Telephone: (954) 620-8300

  /s/ *Stephen F. Jessup*
STEPHEN F. JESSUP, ESQUIRE
Florida Bar No.: 0026264
Email: stephen@diattorney.com